[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff appeals from a decision of the defendant commissioner of the Connecticut Department of Motor Vehicles (DMV) suspending her motor vehicle operator's license for a period of one year.[1] The plaintiff is aggrieved by this decision and brings this appeal pursuant to the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166, et seq.
The plaintiff was arrested in Southbury, Connecticut on December 20, 1997, at approximately 0211 a.m. for Failing to Drive to the Right, General Statutes § 14-230, and Operating Under the Influence of Alcohol, General Statutes § 14-227a.
The plaintiff was observed operating her motor vehicle on a public highway by a Southbury police officer. The plaintiff's vehicle crossed over the center line, swerved and stopped at a caution light when there was no other traffic light. Based on the plaintiff's operation, the officer had a "reasonable and articulable suspicion" that she had committed an operating violation justifying a "brief investigatory detention." State v. Lamme, 216 Conn. 172,184 (1990).
The officer, after stopping the plaintiff, realized he had previously arrested her for operating under the influence in violation of § 14-227a. The plaintiff had an odor of alcohol on her breath, a dazed expression, blood shot eyes and slurred speech. The plaintiff admitted drinking two beers and asked to be let go for DWI (driving while intoxicated). The plaintiff staggered when exiting her car to perform field sobriety tests. Her performance on the tests gave the officer clues as to her intoxication.
The officer had substantial probable cause for arresting the plaintiff for violating § 14-227a based upon her operation, appearance, performance on field sobriety tests, and admission of drinking.
The plaintiff, after being afforded an opportunity to contact an attorney, agreed to submit to breathalyzer blood alcohol CT Page 7248 tests. Her test results performed within two hours of her operation registered .160 and .152, indicating intoxication while operating.
In her appeal, the plaintiff challenges the basis for the stop of her vehicle, probable cause for her arrest, the admission of the blood alcohol test tapes and the sufficiency of the evidence.
In its discussion of the evidence, the court has addressed the reasonable and articulable suspicion for the stop and probable cause for the arrest.
The admissibility of the test tapes is controlled bySchallenkamp v. DelPonte, 229 Conn. 31, 38-42 (1994), where the court held that the DMV hearing officer could rely on the certification of the testing equipment included in the A-44 even in the face of conflicting evidence.
The plaintiff's attack on the sufficiency of the evidence is essentially a challenge to the hearing officer's assessment of the facts and credibility of witnesses.
The appropriately admitted A-44 report completely satisfies the state's burden on the four issues presented in a § 14-227b
appeal. The hearing officer also had the testimony of the arresting officer, which substantiated his reports. The trial court is not to retry the case or substitute its judgment as to witness credibility when reviewing administrative decisions under the UAPA. Schallenkamp v. DelPonte, supra, 229 Conn. 41.
The appeal is dismissed and the stay of the license suspension is vacated.
Robert F. McWeeny, J.